UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| **COMPASS MARKETING, INC.,** *Appellant*, <br><br> v. <br><br> **FLYWHEEL DIGITAL LLC,** *et al.*, *Appellees* | Case No. 23-1324 |

APPELLEES' CONSENT MOTION FOR
LEAVE TO FILE TWO SEPARATE RESPONSE BRIEFS AND
A 14-DAY EXTENSION OF TIME TO FILE THEIR RESPONSE BRIEFS

  Appellees Flywheel Digital LLC, James Columbus DiPaula Jr., Patrick Miller, Daniel White, Michael White, George White, and Ascential PLC ("Appellees") hereby respectfully move, through counsel, for leave to file two separate response briefs in the above-captioned appeal. If this Motion is granted, Appellees shall collectively stay within the applicable length limitations; Appellees are not requesting leave to exceed those limitations. Appellees also respectfully move for an extension of time in which to file their response briefs. Appellees have conferred with Appellant in accordance with Local Rule 27(a), and Appellant consents to the relief requested in this Motion.

I.  BACKGROUND

  This appeal follows the district court's entry of a memorandum opinion and order granting the Appellees' motions to dismiss three counts of Appellant's complaint and declining to exercise supplemental jurisdiction over the remaining twenty counts of the complaint. JA274-300. The district court's grounds for its opinion were based on two distinct legal bases concerning two

1

different sets of the seven Appellees. The counts against four of the Appellees: Flywheel Digital LLC, James DiPaula, Patrick Miller, and Ascential PLC (collectively, "Flywheel Appellees"), were dismissed on statute of limitations grounds for both the DTSA and RICO claims against the Flywheel Appellees. JA285-91. The counts against the remaining three Appellees: Michael White, Daniel White, and George White (collectively, "White Appellees") were dismissed for failure to state a RICO claim against the White Appellees. JA293-96. This appeal followed.

II.     ARGUMENT

A motion for leave to file separate briefs may only be granted "upon good cause shown." *See* L.R. App. P. 28(a). "Motions to file separate briefs are not favored by the Court" and will not generally be granted when premised on: (i) a desire to skirt the page limitations set by the federal rules; (ii) an inability of counsel to coordinate their efforts due to geographic distance; or (iii) the participation of separate counsel in the proceedings before the district court. *See* L.R. App. P. 28(d). While the showing of good cause must be "particularized," a finding of good cause is ***not*** limited to "cases in which the interests of the parties are adverse." *Id.*

Here, Appellees request permission to file two separate briefs, one by the Flywheel Appellees and one by the White Appellees. Filing separately is appropriate given the distinct legal grounds applied by the district court in ruling on counts against each set of Appellees. Appellees do not seek separate briefing for an improper purpose, will coordinate with each other to abide by the total length limitations, and will not repeat arguments made by the other Appellees. Furthermore, Appellees request a 14-day extension of time to file their response briefs. Appellant was granted a 45-day extension to file its opening brief, and Appellees have not been granted an

extension previously.[1]  Appellant has consented to these requests.

### A. Good Cause Exists to Permit Appellees' Filing of Two Separate Response Briefs

Good cause exists to allow Appellees to file two separate response briefs.  Four of the Appellees (the Flywheel Appellees) are differently situated than the three other Appellees (the White Appellees) as shown by the distinct legal grounds applied by the district court in its memorandum opinion and order.  As a result, it would be most efficient for Appellees in their briefing, Appellant in drafting reply briefs, and the Court in considering the legal issues raised by this appeal, to permit the Appellees to file separately.  For these reasons, the Court should find good cause exists to allow Appellees to file two separate briefs.

### B. Appellees Agree to Limit the Length of their Separate Briefs

Acknowledging that the Court denies requests for separate briefs that are merely an end-run around the length limitations imposed by FRAP 32(a)(7), Appellees agree to limit the total combined length of their separate briefs to no more than 13,000 words.

### C. Appellees Request a 14-Day Extension to File their Response Briefs

On April 7, 2023, Appellant filed a motion requesting a forty-five (45) day extension of time to file its Opening Brief and the Joint Appendix.  The Court granted Appellant's Motion on that same date and amended the briefing schedule as follows:

  a. Opening Brief: June 23, 2023

  b. Joint Appendix: June 23, 2023

  c. Response Brief: July 24, 2023

  d. Any Reply Brief: Within 21 days of service of Response Brief

---

[1] Appellees sought an extension of time to file their response briefs on April 17, 2023.  Doc. 26. The Court denied that request "without prejudice to refiling the motion after the filing of appellant's brief."  Doc. 27.

Appellees request an extension of that schedule by 14 days, to accommodate scheduling conflicts that arose due to the grant of Appellants' request. Appellees' requested extension would result in a modification of the Briefing Schedule as follows:

    a. Response Briefs: August 7, 2023

    b. Any Reply Brief: Within 21 days of service of Response Briefs

Counsel for all Parties (including counsel for Appellant) consent to the amended briefing schedule proposed herein.

### III.  CONCLUSION

For the reasons stated above, and with the consent of Appellant, the Court should grant Appellees leave to file two separate response briefs and extend Appellees' deadline to file their Response Briefs by 14 days.

                                        Respectfully submitted,

                                        */s/ Harry P. Rudo*

                                        Tonya K. Cronin
                                        Alison Schurick
                                        BAKER DONELSON
                                        100 Light Street
                                        Baltimore, Maryland 21202
                                        (410) 685-1120
                                        *Counsel for Appellees Flywheel Digital LLC, Ascential PLC, DiPaula, Jr., and Miller*

                                        Michael C. Keats
                                        Rebecca L. Martin
                                        Samuel H. Truesdell
                                        FRIED, FRANK, HARRIS, SHRIVER & JACOBSON, LLP
                                        1 New York Plaza
                                        New York, New York 10004
                                        (212) 859-8914
                                        *Counsel for Appellees Flywheel Digital LLC, Ascential PLC, DiPaula, Jr., and Miller*

David B. Hamilton
Harry P. Rudo
DLA PIPER US LLP
650 South Exeter Street, Suite 1100
Baltimore, Maryland 21202
(410) 580-4120
*Counsel for Appellees Dipaula, Jr. and Miller*

Bruce L. Marcus
Sydney M. Patterson
MARCUSBONSIB, LLC
6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20770
(301) 441-3000
*Counsel for Appellee D. White*

Judith G. Cornwell
Jeffrey M. Schwaber
STEIN SPERLING BENNETT DEJONG DRISCOLL PC
1101 Wootton Parkway, Suite 700
Rockville, Maryland 20852
(301) 340-2020
*Counsel for Appellees M. White and G. White*

5

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 13th day of July 2023, a copy of the foregoing Consent Motion for Leave to File Two Separate Response Briefs and a 14-Day Extension of Time to File Their Response Briefs was served on all counsel of record using the CM/ECF filing system.

              */s/ Harry P. Rudo*

              Harry P. Rudo

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**COMPASS MARKETING, INC.,**

*Appellant,*

v.

**FLYWHEEL DIGITAL LLC,** *et al.***,**

*Appellees*

Case No. 23-1324

## [PROPOSED] ORDER

Upon consideration of the Appellees' Consent Motion for Leave to File Two Separate Response Briefs and a 14-Day Extension of Time to File Their Response Briefs ("Consent Motion"), and for good cause shown, it is hereby:

ORDERED, that the Consent Motion is GRANTED;

ORDERED that Appellees may file two separate response briefs; and it is further

ORDERED, that the Briefing Schedule is AMENDED and EXTENDED, as follows:

    a. Response Briefs: August 7, 2023

    b. Reply Brief: Within 21 days of service of Response Briefs

_____

Judge,
U.S. Court of Appeals for the Fourth Circuit