**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1324

COMPASS MARKETING, INC.,

        Plaintiff - Appellant,

    v.

FLYWHEEL DIGITAL LLC; JAMES COLUMBUS DIPAULA, JR.; PATRICK MILLER; DANIEL J. WHITE; MICHAEL WHITE; GEORGE WHITE; ASCENTIAL PLC,

        Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:22-cv-00379-GLR)

Submitted: April 25, 2024                                                      Decided: July 3, 2024

Before WYNN, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Stephen B. Stern, Michael Marinello, Meagan C. Borgerson, KAGAN STERN MARINELLO & BEARD, LLC, Annapolis, Maryland, for Appellant. Bruce L. Marcus, Sydney M. Patterson, MARCUSBONSIB, LLC, Greenbelt, Maryland; Jeffrey M. Schwaber, Judith G. Cornwell, STEIN SPERLING BENNETT DEJONG DRISCOLL PC, Rockville, Maryland; Michael C. Keats, Rebecca L. Martin, Samuel H. Truesdell, FRIED, FRANK, HARRIS SHRIVER & JACOBSON LLP, New York, New York; Tonya Kelly Cronin, Alison Schurick, BAKER DONELSON, Baltimore, Maryland; David B.

Hamilton, Harry P. Rudo, DLA PIPER LLP (US), Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Compass Marketing, Inc. ("Compass"), appeals the district court's order dismissing its federal claims and declining to exercise supplemental jurisdiction over its state-law claims. We affirm the district court's order.

We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "accept[ing] the factual allegations of the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A complaint should not be dismissed as long as it provides sufficient detail about the claim to show that the plaintiff has a more-than-conceivable chance of success on the merits." *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 511 (4th Cir. 2015) (cleaned up). A court may dismiss a claim on the grounds of a statute of limitations defense if "the relevant facts clearly appear on the face of the complaint." *Epcon Homestead, LLC v. Town of Chapel Hill*, 62 F.4th 882, 885 (4th Cir. 2023) (internal quotation marks omitted).

The district court dismissed Compass' claims against Flywheel Digital LLC ("Flywheel"); James Columbus DiPaula, Jr.; Patrick Miller; and Ascential PLC ("the Flywheel Defendants") as untimely. A claim under the DTSA[1] "may not be commenced

---

[1] Defend Trade Secrets Act, 18 U.S.C. §§ 1831 to 1839.

3

later than 3 years after the date on which the misappropriation with respect to which the action would relate is discovered or by the exercise of reasonable diligence should have been discovered." 18 U.S.C. § 1836(d). RICO[2] claims "are governed by a four-year statute of limitations, which runs from the date when the plaintiff discovered, or should have discovered, the injury." *Potomac Elec. Power Co. v. Elec. Motor & Supply, Inc.*, 262 F.3d 260, 266 (4th Cir. 2001).

The district court correctly found that the facts Compass alleged in the complaint show that it should have discovered its DTSA and RICO claims against the Flywheel Defendants by 2016 at the latest and thus Compass filed its complaint after the statutes of limitations expired. DiPaula and Miller, senior-level employees, resigned in 2014. They were working on a project with a client, who ceased communicating with Compass after their resignations. In 2015, Miller wrote a blog post and presented at a conference using Compass' asserted trade secrets. Then, once Miller and DiPaula's nonsolicitation agreements expired in 2016, several more employees resigned. And, as for Ascential, Compass did not allege in its complaint that Ascential misappropriated any trade secrets; instead, it seeks to hold Ascential liable because it purchased Flywheel in 2018. Compass cites no authority supporting the proposition that it may bring a time-barred claim against a successor company. *See United States v. Carolina Transformer Co.*, 978 F.2d 832, 838 (4th Cir. 1992) (discussing situations where successor corporation may be liable for liabilities of predecessor corporation). Nor may Compass rely on the fraudulent

---

[2] Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 to 1968.

4

concealment doctrine to excuse its failure to comply with the statutes of limitations because it did not exercise due diligence. *See Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 548, 554 (4th Cir. 2019).

Compass contends that the district court erred in dismissing its RICO claims against Daniel, Michael, and George White because it pled an association-in-fact enterprise. However, it did not raise this theory in the district court. We do "not consider issues raised for the first time on appeal, absent exceptional circumstances." *Hicks v. Ferreyra*, 965 F.3d 302, 310 (4th Cir. 2020) (cleaned up). No such circumstances exist here. Finally, because Compass did not move for leave to file an amended complaint, the district court did not abuse its discretion in refusing to grant it leave to amend its complaint. *See Drager v. PLIVA, USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014); *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630-31 (4th Cir. 2008).

Therefore, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*